PER CURIAM:
Claimant, Linda Kay Eddy, seeks an award of $221.72 from respondent, Division of Highways, for property damage sustained while her husband, Richard Eddy, was driving her vehicle on March 13, 1993, on West Virginia Route 25 near Minister’s Run in Marion County.
From the evidence adduced at the hearing on October 19, 1993, it appears that at approximately 11:30 p.m., Richard Eddy was driving the claimant’s vehicle, a 1984 Oldsmobile Cutlass Sierra, at an estimated speed of 30 miles per hour south on West Virginia Route 25 approximately a quarter of a mile north of Minister’s Run, when the vehicle struck a hole in the surface of the road. It had been raining and the hole in the surface of the road. It had been raining and the hole was filled with water and Mr. Eddy did not notice the hole until the vehicle struck it. As a result, damage was done to two tires, two rims, and one hubcap, for an estimated damage of $221.72. The hole was approximately four feet wide and eight to ten inches deep. It had been approximately six months since he had traveled that particular road and there were no warning signs or signals in the area to warn the traveling public of the hazardous condition.
Aaron Gibson, a witness for the respondent, was unfamiliar with the site of the incident and his testimony was not useful to the outcome of this claim. The respondent then called another witness, lames Costello, supervisor of Marion County, who testified that he had no personal notice of the defective condition of the road, but that if a complaint comes into the office, it could go to another individual.
This Court finds, after reviewing the evidence, that the claimant has proven a prima facie case of negligence and that the respondent provided no defense to the claim of negligence. This Court also finds that the respondent will not be protected from a claim of negligence merely calling a representative of the respondent to the witness stand and attempting to prove lack of notice of the defective condition by showing that the witness had no personal knowledge of the condition, with full knowledge that the witness did not search for records concerning the incident prior to his or her appearance in this Court. Accordingly, an award of $221.72 is hereby granted.
Award of $221.72.